UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSTON MEDICAL CENTER CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOES 1-10, <br><br> Defendants. | Civil Action No.: 23-cv-10029 |

## VERIFIED COMPLAINT AND JURY DEMAND

1. Plaintiff Boston Medical Center Corporation ("BMC"), by and through its undersigned counsel, brings this Complaint against John Does 1-10, alleging and stating as follows:

## NATURE OF THE ACTION

2. This action arises from Defendants' numerous repeated attempts to fraudulently manufacture and deposit counterfeit BMC checks throughout the period of 2020 through 2022. The repeated fraudulent activities of the Defendants have damaged BMC's financial security and has caused monetary damages.

3. The Defendants have attempted to deposit fraudulent checks at multiple financial institutions throughout the United States. Although BMC has identified several fraudulent checks before funds were dispersed, its efforts to identify the perpetrator(s) of the fraud have thus far been unsuccessful, and counterfeit checks continue to be presented using BMC's bank account information.

4. BMC brings this complaint to identify the perpetrator(s) of the fraud, recover damages and enjoin the Defendants from counterfeiting BMC checks.

## PARTIES

5. Plaintiff BMC is a non-profit academic medical center located at One Boston Medical Center Place, Boston, Massachusetts 02118.

6. Defendants John Does 1-10 are a person or persons of unknown or unconfirmed residence who have participated, in whole or in part, in the counterfeiting and attempted depositing of fake BMC checks. Investigation thus far has revealed no information suggesting that Defendants reside in Massachusetts.

## JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction pursuant to 18 U.S.C. § 1964(c) and 28 U.S.C. § 1331 because this action arises, in part, under the federal Racketeer Influenced and Corrupt Organizations Act ("RICO").

8. This Court has jurisdiction over Plaintiff's related state and common law claims pursuant to the doctrine of supplemental jurisdiction, 28 U.S.C. § 1367.

9. This Court has personal jurisdiction over Defendants John Does 1-10 because John Does purposefully directed actions at BMC to obtain benefits from BMC, a company with its principal place of business located in Massachusetts.

10. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the action occurred in this district. 28 U.S.C. § 1391(a)(2).

## FACTUAL BACKGROUND

11. Defendants engaged and continue to engage in one or more counterfeit check cashing schemes, having attempted to cash fraudulent BMC checks as recently as October 19, 2022.

12. Defendants have attempted to deposit at least 30 checks at bank branches or through electronic means from May 5, 2020, to October 19, 2022, with a total value of over $130,000.

13. Although the Defendants' fraudulent checks contain authentic BMC check numbers, BMC has determined that the checks were counterfeit.

14. For example, on September 7, 2022, the Defendants attempted to deposit a fraudulent check to Chase Bank in the amount of $4,803.74 with a check number, routing number, and bank account number identical to the information on a legitimate check printed by BMC on August 15, 2022.

15. Additionally, many of the Defendants' fraudulent checks are printed using what appears to be an authentic BMC check template, or an authentic template used by a BMC vendor.

16. Defendants made the fraudulent checks payable to individuals with addresses in at least seven states.

17. For example, on March 24, 2022, Defendants attempted to deposit a counterfeit check in an account at TD Bank made payable to an individual residing in Florida in the amount of $5,000. This check bore a check number, routing number, and bank account number identical to the information printed on a legitimate check printed by BMC on March 17, 2022.

18. To date, BMC is unaware of how many counterfeit checks have been successfully passed or are currently in circulation.

19. To date, John Does 1-10 are at large, presumably with information necessary to continue to engage in fraudulent activity to the detriment of BMC.

## COUNT I
## RICO (18 U.S.C. § 1964(c))

20. The allegations of paragraphs 1-20 are incorporated and restated in this the first count as if more fully set forth herein.

21. Each Defendant is a "person" capable of holding a legal or beneficial interest in property within the meaning of 18 U.S.C. § 1961(3).

22. <u>The Enterprise:</u>  Defendants constitute an enterprise within the meaning of 18 U.S.C. § 1961(4) because they are a union or group of individuals associated in fact, although not a legal entity.

23. <u>Pattern of Racketeering Activity.</u>  Defendants knowingly, willfully and unlawfully conducted or participated, directly or indirectly, in the enterprise's affairs through a pattern of racketeering activity within the meaning of 18 U.S.C. §§ 1961(1), 1961(5) and 1962(c).  Defendants had the specific intent to engage in the substantive RICO violations alleged in this Complaint.

24. Predicate acts of racketeering activity are acts that are indictable under 18 U.S.C. § 1961(1)(B), as more specifically alleged below.  Defendants each committed at least two such acts or else aided and abetted such acts.

25. The acts of racketeering were not isolated, but rather the acts of Defendants were related in that they had the same or similar purpose and result, participants, victims and method of commission.  Further, the acts of racketeering have been continuous.  There was repeated conduct during a period of time beginning in approximately May 2020 and continuing to present, and there is a continued threat of repetition of such conduct.

26.     BMC specifically alleges that Defendants participated in the operation and management of the enterprise by overseeing and coordinating the commission of multiple acts of racketeering as described below.

27.     <u>Predicate Act: Wire Fraud in Violation of 18 U.S.C. § 1343</u>: Defendants committed acts constituting indictable offenses under 18 U.S.C. § 1343 in that they devised or intended to devise a scheme or artifice to defraud BMC or to obtain money from BMC by means of false or fraudulent pretenses, representations or promises.  For the purpose of executing their scheme or artifice, Defendants manufactured counterfeit BMC checks, caused them to be delivered to individuals located in multiple states, and caused them to be transmitted to financial institutions by means of wire communications in interstate commerce.  The acts of Defendants set forth above were done with knowledge that the use of wires would follow in the ordinary course of business, or that such use could have been foreseen, even if not actually intended.  These acts were performed intentionally and knowingly with the specific intent to advance Defendants' scheme or artifice.

28.     <u>Predicate Act: Bank Fraud in Violation of 18 U.S.C. § 1344</u>:  Defendants committed acts constituting indictable offenses under 18 U.S.C. § 1344 in that they knowingly and willfully executed or attempted to execute a scheme or artifice, as described above, to defraud one or more financial institutions and to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations or promises.   The financial institutions at which Defendants caused counterfeit BMC checks to be deposited or attempted to be deposited were federally insured or was a federal reserve bank or a member of the federal reserve system.

29.     Continuity of Conduct. Defendants' violations of state and federal law as set forth herein, each of which directly and proximately injured Plaintiff, constituted a continuous course of conduct spanning a period from approximately May 2020 to the present, which was intended to obtain money through false representations, fraud, deceit, and other improper unlawful means. Therefore, said violations were a part of a pattern of racketeering activity under 18 U.S.C. §§ 1961(1) and (6).

30.     Upon information and belief, Defendants have conducted and participated, directly or indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity as defined herein in violation of 18 U.S.C. § 1962(c).

31.     These acts were done intentionally and knowingly with the specific intent to advance Defendants' scheme or artifice.

32.     Defendants' shared objective was and is to divert funds to their own benefit in an effort to defraud BMC.

33.     The unlawful actions of Defendants, and each of them, have directly, legally, and proximately caused and continue to cause injuries to BMC in its business. Plaintiff seeks an award of damages in compensation for, among other things, the funds Defendants fraudulently obtained from BMC.

34.     BMC accordingly seeks an award of three times the damages it sustained, and the recovery of reasonable attorneys' fees and costs of investigation and litigation, as well as any other relief as authorized by statute.

## COUNT II
## CIVIL CONSPIRACY

35.     The allegations of paragraphs 1-34 are incorporated and restated in this the second count as if more fully set forth herein.

36. During the period of May 2020 through the date of this Complaint, Defendants acted by agreement among themselves and with others to accomplish the wrongful acts alleged herein, which constituted overt acts in furtherance of the conspiracy.

37. Defendants' conspiracy has caused BMC to sustain damages.

## COUNT III
## FRAUD

38. The allegations of paragraphs 1-37 are incorporated and restated in this the third count as if more fully set forth herein.

39. Defendants, acting in concert, made false representations to banking institutions, and failed to disclose material facts, for the purpose of deceiving these banking institutions to the detriment of BMC.

40. Defendants' representations and omissions were made with the knowledge of their falsity for the purpose of inducing banking institutions and BMC to act or refrain from acting.

41. Banking institutions and BMC reasonably relied on Defendants' false representations and omissions as true and acted or refrained from acting to BMC's detriment based upon such representations.

42. As a direct and proximate result of Defendants' fraud and deceit, BMC has suffered and will continue to suffer damages.

## COUNT IV
## CONVERSION

43. The allegations of paragraphs 1-42 are incorporated and restated in this the fourth count as if more fully set forth herein.

44. The Defendants wrongfully exercised control over financial instruments belonging to BMC.

45. The Defendants used BMC's checks to BMC's detriment in producing counterfeit checks.

46. BMC demands the authentic checks or any and all copies made be returned to BMC by Defendants.

## COUNT V
## UNJUST ENRICHMENT

47. The allegations of paragraphs 1-46 are incorporated and restated in this the fifth count as if more fully set forth herein.

48. Defendants have benefitted from cashing fraudulent BMC checks, receiving cash that was intended to be paid to a legitimate BMC vendor.

49. The Defendants knew and understood that they benefitted from accepting funds from BMC after presenting fraudulent checks for deposit.

50. BMC has been harmed by the Defendants depositing fraudulent BMC checks, by making illegitimate check payments and receiving nothing in return.

## RESERVATION OF RIGHTS

BMC reserves any and all rights to amend, modify, or supplement this Complaint, including bringing additional claims and substituting parties to the extent authorized by this Court or by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

a. Enter judgment in its favor against each Defendant on all counts of the Complaint and award BMC treble damages, costs, reasonable attorney's fees and statutory interest, including future damages for counterfeit checks that have not been identified yet.

b. Enjoin Defendants from manufacturing or depositing further counterfeit checks using BMC banking information.

c. Award such other and further relief as the Court deems appropriate.

## JURY DEMAND

BMC demands a jury trial on all claims so triable.

Dated: January 5, 2023     BOSTON MEDICAL CENTER CORPORATION

By its attorney,

_____
Seth B. Orkand (BBO No. 669810)
ROBINSON & COLE LLP
One Boston Place, 25th Floor
Boston, MA 02108
(617) 557-5915
sorkand@rc.com

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSTON MEDICAL CENTER CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN DOES 1-10, )<br>)<br>Defendants. )<br>) | Civil Action No.: 23-cv-10029 |

## VERIFICATION OF COMPLAINT

I, David Beck, Senior Vice President and Chief Legal Counsel of Boston Medical Center Corporation, the Plaintiff in the above-captioned action, having read the foregoing Verified Complaint, do hereby verify that it is true and correct to the best of my knowledge and belief.

Dated: January 5, 2023

_____
David Beck

Subscribed and sworn to before me this 5 day of January, 2023.

_____
Notary Public
My Commission Expires: 7/29/2027

